IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| JOSE INES GARCIA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | EP-11-MC-87-KC |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Defendant. | § | |

## ORDER

On this day, the Court considered Defendant's Motion to Dismiss, ECF No. 18, filed in the above-captioned cause. For the reasons set forth below, Defendant's Motion is **GRANTED**.

### I. BACKGROUND

On September 12, 2003, Plaintiff Jose Ines Garcia ("Garcia") was released from the custody of the Bureau of Prisons ("BOP") in El Paso, Texas. Pl.'s Resp. ¶ 1, ECF No. 21; Def.'s Mot. 9. After leaving the BOP's custody, Garcia was then deported to Mexico. *See* Pl.'s Resp. 2-3; Def.'s Reply 1-2, ECF No. 22.

It is undisputed that Garcia had $1,041.63 in his inmate trust fund account at the time of his release from the BOP's custody, and that an additional deposit of $50 was made shortly thereafter. *See* Def.'s Mot. 5; Pl.'s Resp. ¶¶ 2-3. It is also undisputed that Garcia was given only $500 in cash at the time of his release, and that the balance of his account was subsequently mailed in several checks to Garcia's "release address" in Dallas, Texas. *See* Def.'s Mot. 5-6; Pl.'s Resp. ¶¶ 2-3. Garcia does not deny that he had given the BOP this "release address" in Dallas, but argues that he had never intended for his funds to be sent to this address. *See* Pl.'s Resp. ¶ 2. In Garcia's view, "[g]iven the fact that [he] was deported after completion of his

1

federal sentence, it would seem, more than likely, that he should have been given the entire amount in cash." *Id.*

On March 4, 2011, Garcia filed a Petition with this Court seeking the return of all the funds that were not given to him in cash upon his release from the BOP's custody in 2003. Pet. 1, ECF No. 1. On April 10, 2013, Defendant filed a Motion to Dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Def.'s Mot. 1.

## II.   DISCUSSION

### A.   Standard

A motion to dismiss pursuant to Rule 12(b)(6) challenges a complaint on the basis that it fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). In ruling on a Rule 12(b)(6) motion, the Court must accept well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Calhoun v. Hargrove*, 312 F.3d 730, 733 (5th Cir. 2002); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). Though a complaint need not contain "detailed" factual allegations, a plaintiff's complaint must allege sufficient facts "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007); *Colony Ins. Co. v. Peachtree Constr., Ltd.*, 647 F.3d 248, 252 (5th Cir. 2011). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotation marks omitted); *Gulf Coast Hotel-Motel Ass'n v. Mississippi Gulf Coast Golf Course Ass'n*, 658 F.3d 500, 506 (5th Cir. 2011).

Ultimately, the "[f]actual allegations [in the complaint] must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (internal citation omitted). Nevertheless, a "well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

All documents filed by a pro se litigant "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (quoting *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981)); *see also* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). It is appropriate to treat a pro se petition as one seeking the appropriate remedy, however inartfully pleaded. *Clymore v. United States*, 217 F.3d 370, 373 (5th Cir. 2000); *United States v. Robinson*, 78 F.3d 172, 174 (5th Cir. 1996). However, pro se litigants are still required to provide sufficient facts in support of their claims; mere conclusory allegations are insufficient. *United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993). "[E]ven pro se litigants must brief arguments to preserve them." *Johnson v. Quarterman*, 479 F.3d 358, 359 (5th Cir. 2007).

    B.    Analysis

Garcia designated his initial filing as a "Petition for Return of Property pursuant to . . . Rule 41(g)" of the Federal Rules of Criminal Procedure. Pet. 1. A motion for return of property under Rule 41(g) is not appropriate where the movant's criminal case has concluded. *Clymore*, 217 F.3d at 373 (analyzing a previous version of the rule codified as Rule 41(e)); *see also Ghali v. United States*, 455 F. App'x 472, 474, 476-77 (5th Cir. 2011) (analyzing the current rule); *United States v. Rodriguez*, 220 F. App'x 338, 339-40 (5th Cir. 2007) (same). Therefore, since

the criminal case against Garcia was already concluded prior to his detention and deportation in 2003, Garcia cannot proceed in this case under Rule 41(g).  *See Clymore*, 217 F.3d at 373; *Ghali*, 455 F. App'x at 474, 476-78; *Rodriguez*, 220 F. App'x at 339-40.

Because Garcia is a pro se litigant, however, his pleadings must be held to "less stringent standards" than those prepared by lawyers.  *See Erickson*, 551 U.S. at 94; *Taylor*, 296 F.3d at 378.  A pro se petition is to be treated as one seeking the appropriate remedy.  *Clymore*, 217 F.3d at 373; *Robinson*, 78 F.3d at 174.  Therefore, this Court construes Garcia's Petition as a civil complaint seeking to raise one or more of the following three possible claims: (1) a claim for the return of property invoking this Court's general equitable jurisdiction under 28 U.S.C. § 1331, (2) a request for monetary damages under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), or (3) a statutory claim under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671 et seq.

Regardless of how the Court reads the Petition in this case, however, all of Garcia's possible claims are time-barred.  As explained below, each potentially applicable statute of limitations had already run during the seven-and-a-half years that Garcia waited between his release from the BOP's custody and his initial filing of the Petition.

### 1. General equitable jurisdiction under 28 U.S.C. § 1331

An action against the United States seeking the return of property may be brought by invoking "the general equitable jurisdiction of the federal courts" under 28 U.S.C. § 1331.  *Pena v. United States*, 122 F.3d 3, 4 n.3 (5th Cir. 1997) ("*Pena I*") (quoting *Richey v. Smith*, 515 F.2d 1239, 1243 (5th Cir. 1975)); *Clymore*, 217 F.3d at 373; *Rodriguez*, 220 F. App'x at 339-40.

In such an action, the statute of limitations is provided by 28 U.S.C. § 2401(a).  *Clymore*, 217 F.3d at 373; *United States v. Wright*, 361 F.3d 288, 290 (5th Cir. 2004).  Under 28 U.S.C. §

2401(a), "every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues." *Wright*, 361 F.3d at 290; *Clymore*, 217 F.3d at 373.

Therefore, reading the Petition as a civil complaint seeking the return of property under 28 U.S.C. § 1331, Garcia's case should have been filed within six years after the cause of action accrued. *See Wright*, 361 F.3d at 290. In civil actions for the return of property, the limitations period begins to run when the plaintiff becomes aware or "when an inquiry that he could reasonably have been expected to make would have made him aware" that the government has retained the property in question. *See id.* (quoting *United States v. Rodriguez-Aguirre*, 264 F.3d 1195, 1211 (10th Cir. 2001)); *Ghali*, 455 F. App'x at 477; *Rodriguez*, 220 F. App'x at 339.

Defendant argues, and Garcia does not contest, that the date on which this cause of action accrued was the date when Garcia was released from prison on September 12, 2003. *See* Def.'s Mot. 6-7. On this date, when Garcia was deported from this country and given $500 in cash, Garcia "could reasonably have been expected" to inquire about the balance of his inmate account. *See Wright*, 361 F.3d at 290. This inquiry would have made Garcia aware that, unless he took steps to ensure that his funds were returned to him, they would remain in the BOP's possession or would be mailed to the "release address" in Dallas, Texas. *See* Def.'s Mot. 5-6; Pl.'s Resp. ¶¶ 2-3. Consequently, the Court finds that Garcia's cause of action accrued when he was released from prison on September 12, 2003.

The Court also finds no reason to apply the doctrine of equitable tolling to extend the limitations period under 28 U.S.C. § 2401(a) in this case. *See Rodriguez*, 220 F. App'x at 339 (citing *Clymore*, 217 F.3d at 374). Equitable tolling may be applied to 28 U.S.C. § 2401(a) where a plaintiff has "exercised due diligence" in pursuing his claim. *Rodriguez,* 220 F. App'x

at 340 (citing *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 151 (1984)); *Clymore*, 217 F.3d at 374-75. In this case, however, the record does not indicate that Garcia has exercised due diligence in attempting to recover his property. *See* Pl.'s Resp. 1-3; Pet. 1-2. Moreover, although Garcia was apparently located outside the United States for a substantial portion of the time since his cause of action accrued, the United States Court of Appeals for the Fifth Circuit and other federal courts have found that presence in a foreign country is not an "extraordinary circumstance" that would justify equitable tolling. *See Jaso v. The Coca Cola Co.*, 435 F. App'x 346, 358 (5th Cir. 2011) (finding that "[t]he district court correctly rejected" the argument that "physical presence in Mexico" was sufficient to toll the statute of limitations); *Fahmy v. Jay-Z*, 835 F. Supp. 2d 783, 791 (C.D. Cal. 2011) (finding that the "mere fact that plaintiff lived in Egypt" was not an extraordinary circumstance). Therefore, having failed to point to any evidence that he has exercised due diligence in recovering his funds from the BOP or that extraordinary circumstances are present in this case, Garcia is not entitled to equitable tolling. *See Rodriguez*, 220 F. App'x at 339; *Clymore*, 217 F.3d at 374-75.

Accordingly, applying the six-year period of limitations created under 28 U.S.C. § 2401(a), the Court concludes that Garcia's action under 28 U.S.C. § 1331 became time-barred in 2009. *See Rodriguez*, 220 F. App'x at 339; *Clymore*, 217 F.3d at 374-75. Garcia's Petition in this case, which was filed in March 2011, was therefore untimely.

### 2. Monetary damages under *Bivens*

Alternatively construing Garcia's claim as a *Bivens* action, as the Fifth Circuit did with a similar claim in *Pena v. United States*, 157 F.3d 984, 987 (5th Cir. 1998) ("*Pena II*"), the Court again finds that Garcia's claim is time-barred. In *Pena II*, the Fifth Circuit ruled that the statute of limitations governing a *Bivens* action is determined by state law. *Pena II*, 157 F.3d at 987; *see*

*also Spotts v. United States*, 613 F.3d 559, 573-74 (5th Cir. 2010) (applying the Texas statute of limitations for personal injury actions to a *Bivens* claim). In Texas, a *Bivens* action must be filed within two years of the time when the cause of action accrues. *Spotts*, 613 F.3d at 573-74; *Pena II*, 157 F.3d at 987.

A claim to monetary damages under *Bivens* accrues "when the plaintiff knows or has reason to know of the injury which is the basis of the action." *See Adrian v. Selbe*, 364 F. App'x 934, 937 (5th Cir. 2010) (citing *Brown v. Nationsbank Corp.*, 188 F.3d 579, 589-90 (5th Cir. 1999)). "Actual knowledge is not necessary, though, for the limitations period to commence 'if the circumstances would lead a reasonable person to investigate further.'" *Id.* (quoting *Piotrowski v. City of Houston*, 51 F.3d 512, 516 (5th Cir. 1995)).

In Garcia's case, a reasonable person would have inquired as to the whereabouts of his missing funds after he was released from prison and deported in 2003. *See* Pl.'s Resp. 2-3; Def.'s Reply 1-2. Therefore, the two-year statute of limitations applicable to *Bivens* actions would have run in 2005. *See Spotts*, 613 F.3d at 573-74; *Pena II*, 157 F.3d at 987. Additionally, as discussed above, Garcia has not demonstrated that he is entitled to equitable tolling for his *Bivens* claim because he did not exercise due diligence and because presence in a foreign country is not an extraordinary circumstance. *See Wilson v. U.S. Penitentiary Leavenworth*, 450 F. App'x 397, 399 (5th Cir. 2011); *Brooks v. Menifee*, 269 F. App'x 441, 442 (5th Cir. 2008); *Jaso*, 435 F. App'x at 358; *Fahmy*, 835 F. Supp. 2d at 791. Therefore, Garcia's claim to monetary damages under *Bivens* was also time-barred before he initiated this case in 2011.

### 3. Statutory remedy under the FTCA

Garcia's claim is also barred if analyzed under the FTCA. Under this statute, an "action shall not be instituted . . . unless the claimant shall have first presented the claim to the

appropriate . . . agency and his claim shall have been finally denied by the agency." *McNeil v. United States*, 508 U.S. 106, 107 (1993). The FTCA provides that a tort claim against the United States will be barred unless it is presented in writing to the appropriate federal agency within two years after such claim accrues. *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 646 F.3d 185, 189 (5th Cir. 2011) (analyzing 28 U.S.C. § 2401(b)). "Although the FTCA does not define when a claim accrues, it is well-settled that a tort action under the FTCA accrues when the plaintiff knows or has reason to know of the alleged injury that is the basis of the action." *Id.*

In this case, as with the other potential causes of action for the recovery of Garcia's property, Garcia's FTCA claim accrued upon release from prison because Garcia knew or had reason to know that his funds would remain in the BOP's custody unless he took steps to retrieve them. *See id.* Garcia does not, however, allege that he presented any claim in writing to the BOP or to any other federal agency within two years of his release. *See* Pl.'s Resp. 1-3; Pet. 1-2. His claim is therefore barred under the FTCA. *See McNeil*, 508 U.S. at 107; *In re FEMA Trailer Formaldehyde Prods.*, 646 F.3d at 189.

As a final matter, this Court has observed previously that there is some uncertainty in the Fifth Circuit as to whether the doctrine of equitable tolling can be applied to a tort action under the FTCA. *Compare In re FEMA Trailer Formaldehyde Prods.*, 646 F.3d at 190-91 (holding that the FTCA limitation period cannot be equitably tolled), *with Perez v. United States*, 167 F.3d 913, 915-17 (5th Cir. 1999) ("[W]here the principles of equitable tolling would ordinarily apply, such tolling should be allowed in an FTCA case."); *see also Carter v. McHugh*, 869 F. Supp. 2d 784, 787-90 (W.D. Tex. 2012) (collecting cases). Even if equitable tolling can be applied to a tort action under the FTCA, however, Garcia is not entitled to equitable tolling because, as explained above, Garcia did not exercise due diligence, and because his time spent in

Mexico did not constitute an extraordinary circumstance. *See Perez*, 167 F.3d at 917 (holding that "due diligence" may toll the period of limitations under the FTCA); *Jaso*, 435 F. App'x at 358; *Fahmy*, 835 F. Supp. 2d at 791. Therefore, as with his potential claims under 28 U.S.C. § 1331 and *Bivens*, Garcia's potential FTCA claim is also time-barred in this case.

### III. CONCLUSION

For the reasons set forth above, the Court **ORDERS** that Defendant's Motion to Dismiss, ECF No. 18, is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that all other pending motions in this case are hereby **DENIED** as moot.

The clerk shall close the case.

**SO ORDERED**.

SIGNED this 20th day of June, 2013.

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE